IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA     | : |                              |
| v.                           | : | CASE NO. 2:08-cr-00493-CMR-1 |
| AMIN A. RASHID,<br>    Defendant | : |                          |

MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                              **July 26, 2010**

      Presently before this Court is *pro se* Defendant's request that the undersigned judge recuse herself from these proceedings. This request is accompanied by an affidavit which purports to be in compliance with 28 U.S.C. § 144 (**Exhibit A**). For the following reasons, Defendant's request for recusal is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

      On August 21, 2008, the federal grand jury issued an Indictment charging defendant Amin A. Rashid with two counts of mail fraud and one count of aggravated identity theft. On May 28, 2009, the federal grand jury issued a Superceding Indictment[2] charging Defendant with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of passing an

---

[1] This case has a somewhat lengthy and convoluted procedural history. Therefore, this background discussion is limited to those facts which are reasonably relevant to the instant request for recusal. The document numbers referenced herein correspond with case number 2:08-cr-00493, unless otherwise noted.

[2] Doc. No. 63.

1

altered postal money order. The Superceding Indictment alleges that, from approximately December 2005 to August 2008, Defendant defrauded and/or attempted to defraud the Philadelphia Sheriff's Office and the owners of properties sold at Sheriff's sale by submitting false identification and power of attorney documents to the Sheriff in order to collect the sales proceeds. In addition, the Superceding Indictment alleges that Defendant defrauded and/or attempted to defraud clients of his company, the Center for Constitutional and Criminal Justice, by accepting fees to stop or reverse Sheriff's sales, or to recover proceeds from the Sheriff's sales, while in fact performing none of these services.

The case was initially assigned to United States District Judge Anita Brody, and counsel was appointed to Defendant on September 3, 2008. On March 6, 2009, Defendant moved to dismiss his court-appointed counsel and proceed with this case *pro se*, and Judge Brody granted that motion.[3] Since that time, Defendant has filed at least forty-five *pro se* motions, petitions or requests to the court on discovery and other matters, including motions for modification of custody and bail, motions for sanctions against the Assistant United States Attorney ("A.U.S.A.")[4] and against a court-appointed private investigator,[5] and at least thirteen separate motions to dismiss the indictment or reconsider orders denying motions to dismiss the indictment as duplicitous, defective, vindictive, fraudulent or in violation of the Speedy Trial Act.[6] Defendant maintains that there is a criminal conspiracy afoot to deprive him of his civil rights and to obstruct justice by delaying his trial, because the affidavit pursuant to which the government obtained its initial search warrant was "fraudulent."[7]

---

[3] Doc. Nos. 41 & 42.

[4] Doc. No. 149.

[5] Doc. No. 97.

[6] Doc. Nos. 43, 45, 55, 59, 70, 72-74, 94, 104, 120, 125, 144.

[7] Defendant claims that Postal Inspector Fitzpatrick's November 14, 2007 Affidavit, pursuant to which the government obtained search warrants, is fraudulent because it contained information

On February 15, 2010, Defendant sent a letter titled "Request for Judicial Disqualification"[8] to Judge Brody, who presided over this case at that time. In that letter motion, Defendant requested that Judge Brody disqualify herself pursuant to 28 U.S.C. § 455, citing a series of unfavorable rulings, trial continuances, and other judicial actions that Defendant alleged showed Judge Brody's bias against Defendant and in favor of the prosecution. Defendant also filed notice of his intent to petition the Third Circuit for Judge Brody's disqualification if she did not recuse herself by March 10, 2010.[9] Judge Brody granted Defendant's Disqualification Request at a hearing on March 22, 2010 (and by Order on March 23, 2010)[10] and recused herself from this case without commenting on Defendant's allegations.

On March 25, 2010, this case was randomly reassigned to the undersigned judge by Eastern District Chief Judge Bartle, pursuant to Local Rule 3(a) of the Eastern District of Pennsylvania's Local Rules of Criminal Procedure.[11] The first hearing presided over by the undersigned took place on April 26, 2010,[12] at which, after considering the parties' oral arguments, this Court ruled on a number of motions filed by Defendant both before and after Judge Brody's recusal, reserving pre-trial motions for a separate hearing, and denying his Motion for Reconsideration of Judge Brody's denial of a Motion to Dismiss for Defective Indictment, Motion for Reconsideration of Pretrial Rulings Made by Disqualified Judge and Dismissal of this

---

Defendant believes Fitzpatrick could not have learned from Defendant's client, Robert Kirbyson, until an interview conducted on July 31, 2008. The alleged participants in this conspiracy to perpetrate a fraud on the court are A.U.S.A. Gauri, Postal Inspector Fitzpatrick, and the Magistrate Judge who issued the warrant.

[8] Doc. No. 109.

[9] Doc. No. 110.

[10] Doc. No. 116.

[11] Doc. No. 117.

[12] Doc. No. 140 (Transcript of Hearing, United States v. Rashid, No. 08-cr-00493 (E.D. Pa. Apr. 26, 2010)).

Case with Prejudice, and Motion to Dismiss Prosecution with Prejudice Due to Violation of Civil Rights.[13] On May 4, 2010, Defendant filed notice of an interlocutory appeal to the Third Circuit of this Court's April 27th rulings "regarding his Double Jeopardy Issues."[14] That appeal remains pending.

On June 4, 2010, Defendant filed an affidavit,[15] pursuant to 28 U.S.C. § 144, "in support of [his] claim that the judge to whom this case has been assigned has a personal bias or prejudice against [him] and in favor of Government personnel" prosecuting the case.[16] After a status hearing held on July 7, 2010, this Court deferred ruling on all outstanding pre-trial motions and continued the scheduled trial date, pending both resolution of Defendant's Third Circuit appeal and this Court's decision on Defendant's § 144 Affidavit.

## II. DISCUSSION

### A. Recusal Under 28 U.S.C. § 144

Two principal statutes deal with judicial recusal: 28 U.S.C. § 144, "Bias or prejudice of a judge," and 28 U.S.C. § 455, "Disqualification of a justice, judge, or magistrate." Section 455—which applies to any justice, judge, or magistrate of the United States—addresses actual bias or conflict of interest and/or the appearance thereof. Section 455 may be invoked by motion, but also requires a judge to recuse himself or herself *sua sponte*. Section 144, on the other hand, deals only with actual bias or prejudice on the part of a judge, applies only to district judges, and

---

[13] Doc. Nos. 120, 121, 124, 125 & 132.

[14] Doc. No. 135.

[15] Amin A. Rashid's Affidavit Made Pursuant to 28, U.S.C., § 144, of Judge's Personal Bias or Prejudice in Favor of Government Personnel Accused of Crimes Against the United States (June 7, 2010) (filed June 14, 2010) (Doc. No. 143) (*hereinafter* "Affidavit").

[16] Rashid Aff. ¶ 1.

4

is triggered by a party's affidavit alleging bias. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[17]

However, "[t]he mere filing of an affidavit under this section does not automatically disqualify a judge. Disqualification results only from the filing of a timely and sufficient affidavit."[18] Although the language of the statute appears to provide for immediate reassignment of the proceeding, it is in fact the duty of the challenged judge to review the affidavit, and "to pass upon the legal sufficiency of the facts alleged"[19] before determining whether recusal is necessary.

An affidavit is "sufficient" under §144 only when it meets both procedural and substantive requirements. Procedurally, the affidavit must be timely, must be signed by a party to the case, must be accompanied by a certificate of good faith from that party's counsel of record, and must be the only such affidavit filed in a given case. In assessing the substantive or legal

---

[17] 28 U.S.C. § 144 (1949).

[18] U.S. v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (internal citations omitted); *see also* Cooney v. Booth, 262 F. Supp. 2d 494, 500 (E.D. Pa. 2003) ("Under the statute the court must first determine (1) whether the affidavit is legally sufficient and (2) whether it was timely filed.").

[19] Townsend, 478 F.2d at 1073; *see also* Walsh v. Krantz, 2008 U.S. Dist. LEXIS 99026, at *8 (M.D. Pa. 2008) ("[T]he district judge against whom the affidavit is filed must determine, as a threshold matter, whether the affidavit is legally sufficient for purposes of § 144.")

sufficiency of the affidavit, the challenged judge must assume and accept that all factual allegations in the affidavit are true. Even so, those factual allegations must be definite enough to convince a reasonable person that a disqualifying bias exists, and that alleged bias must be personal rather than judicial.

1.     **Procedural Sufficiency**

Defendant's Affidavit suffers from a number of procedural defects. First, Defendant has neither moved nor specifically requested that the undersigned judge recuse herself from this case permanently, or that another judge be assigned to the case. Instead, Defendant concludes his Affidavit by stating that, "[he] feel[s] that Judge Rufe has a bias against [him] and in favor of Government personnel . . . and that Judge Rufe should proceed no further in [his] criminal matter until the grand jury has concluded its inquiry" into the alleged criminal conspiracy to violate Defendant's civil rights and obstruct justice.[20] Case guidance as to § 144 affidavits that do not include or are not accompanied by a motion for recusal is minimal. More often, the defect at issue is a motion filed without an affidavit.[21] However, the Third Circuit has stated that the language of § 144 requires only an affidavit and certificate of good faith, and has not required a motion where it is plain that the party's intent was to obtain an order disqualifying a judge.[22] The scope of Defendant's request here is not entirely clear; nonetheless, as merely filing the affidavit

---

[20] Rashid Aff. ¶ 35-36.

[21] *See, e.g.*, Simonson v. General Motors Corp., 425 F. Supp. 574, 578 (E.D. Pa. 1976); United States v. Clark, 398 F. Supp. 341, 362 (E.D. Pa. 1975).

[22] *See* Smith v. Danyo, 585 F. 2d 83, 85-86 (3d Cir. 1978) ("There is no reason which occurs to us for engrafting upon [§ 144] additional procedural requirements . . . . The matter of recusal is entirely collateral to the progress of the lawsuit. It is a special proceeding for which the Congress has designated a specific procedure. Moreover, even if the requirement of Rule 7(b), that all applications to a court for an order be by motion, were to be read into § 144, the affidavit and certificate serve all the purposes of that rule. A motion is an application to a court in order to obtain some ruling or order. Rule 7(b) requires no more than that such a motion 'state with particularity the grounds' upon which it is based. Plainly, an affidavit which is filed to obtain an order disqualifying a judge satisfies the requirements of Rule 7(b) . . . . [and] failure to type in the word 'motion' above the word 'affidavit' in no way detracts from the notice which the affidavit gave of the nature of the application.").

6

triggers judicial review and recusal where appropriate, this Court will construe the Affidavit as a motion for recusal, and proceed accordingly.

Defendant's Affidavit is defective in part because it was not accompanied by a certificate stating that it was made in good faith. The Third Circuit has held that such a certificate is necessary to a properly filed § 144 affidavit, but has not directly addressed whether the form of that certificate varies when the affiant is *pro se*. Some lower courts have adhered strictly to the language of the statute and found that § 144 is not available to non-lawyer *pro se* litigants, even when their affidavits are accompanied by a certificate of good faith.[23] Lower courts within the Third Circuit, however, have frequently reviewed the § 144 affidavits of *pro se* parties on the merits. The district courts' approaches have varied, although most have required even *pro se* litigants to file a certificate.[24] Some courts have taken the position that the certificate accompanying a *pro se* party's affidavit may be signed by any member of the bar;[25] in other cases, it is sufficient for the affiant alone to sign the certificate, and at least one court has allowed the affidavit itself to serve as the certificate where the affiant is *pro se* and the affidavit states on

---

[23] *See, e.g.*, Robinson v. Gregory, 929 F. Supp 334, 337-38 (S.D. In. 1996) (requirements of § 144 prevent disqualification procedures from being used as devices for mere forum-shopping, because integrity of the bar and court's power to impose sanctions on attorneys discourage abuse; however, "[i]f a pro se litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost").

[24] *See* United States v. Pungitore, 2003 U.S. Dist. LEXIS 20206, at *7-8 (E.D. Pa. 2003) ("It is of no consequence that Movant is proceeding pro se and thus does not have a 'counsel of record' because other courts have held that this procedural safeguard against abuse applies equally to pro se litigants."); Heimbecker v. 555 Assocs., 2003 U.S. Dist. LEXIS 6636, at *16 (E.D. Pa. 2003) ("The certificate requirement serves the significant purpose of preventing abuse by protecting against obviously untruthful affidavits and unjustified attempts by a party to disqualify a judge. . . . Although Plaintiff is proceeding *pro se* and he therefore does not have a 'counsel of record,' other courts have held, and this Court agrees, that this procedural safeguard should apply equally to *pro se* litigants."). *But see* Trinsey v. K. Hovanian at Upper Merion, Inc., 1993 U.S. Dist. LEXIS 13195, at *2 (E.D. Pa. 1993) (where party is proceeding *pro se*, § 144 mandate for certificate of good faith will be disregarded).

[25] *See* Williams-Murray v. Anthropologie, Inc., 2007 U.S. Dist. LEXIS 17453, at *4 (E.D. Pa. 2007); United States v. Rankin, 1 F. Supp. 2d 445, 450 (E.D. Pa. 1998); Thompson v. Mattleman, Greenberg, Schmerelson, Weinroth & Miller, 1995 U.S. Dist. LEXIS 7100, at *4-5 (E.D. Pa. 1995).

its face that it was made "in good faith."[26] Here, the Court notes that Defendant has failed either to file a separate certificate of good faith, or to state that his Affidavit was made in good faith.

Further, § 144 provides that "[a] party may file only *one* such affidavit in any case."[27] Whether or not "one such affidavit" refers specifically to an affidavit filed pursuant to § 144, or more generally to *any* affidavit that the judge before whom the matter is pending has a personal bias or prejudice, is unclear. Courts have routinely found that § 144 is unavailable where a party has previously filed an affidavit of bias.[28] Although Defendant's February 15, 2010 Disqualification Request to Judge Brody was made pursuant to 28 U.S.C. § 455 rather than § 144, the restriction on the number of § 144 affidavits a party may file is meant in large part to discourage forum shopping and serial disqualification attempts.[29]

This Court holds that the procedural defects noted herein, *i.e.*, plaintiff's failure to file a certificate of good faith and plaintiff's earlier effort to disqualify the presiding judge, preclude further consideration of allegations of bias on the merits. Nevertheless, for the sake of completeness and ultimate review of the Court's actions, the Court will examine the legal sufficiency of the Affidavit, as follows.

---

[26] *See* Waris v. HCR Manor Care, 2008 U.S. Dist. LEXIS 102518, at *14 n.7 (E.D. Pa. 2008).

[27] 28 U.S.C. § 144 (emphasis added).

[28] *See, e.g.*, United States v. Meinster, 488 F. Supp. 1342, 1345 n.2 (S.D. Fl. 1980); Martin v. Texas Indem. Ins. Co., 214 F. Supp. 477, 480 (N.D. Tx. 1962) (§ 144 "imposes a bag limit of one judge for a party to disqualify by the character of motion under consideration here"). Recusal *sua sponte* under § 455, on the other hand, is permitted at any time, whether or not a party has filed a previous disqualification request.

[29] *See* Pungitore, 2003 U.S. Dist. LEXIS 20206 at *8-9; Heimbecker, 2003 U.S. Dist. LEXIS 6636 at *17.

## 2. Legal Sufficiency

### (a) The Allegations of Bias

Defendant's lengthy Affidavit primarily alleges facts related to the procedural history of this case. He describes many different actions and events which he contends demonstrate bias, prejudice and even criminal conduct against his interests, and attributes these to several government actors in addition to the undersigned judge. Whether Defendant's procedural history is correct is of no moment, as it has no bearing on allegations of bias against this Court. Similarly, Defendant's allegations set forth against government actors other than the undersigned judge have no bearing on this Court's review of Defendant's request for recusal, and will not be addressed here. Nine of the thirty-six paragraphs of the Affidavit[30] address this Court's alleged bias and of those, seven allege facts (rather than conclusions) in support of Defendant's claims.

Principally, Defendant alleges that, in a pre-trial hearing on April 26, 2010, the undersigned judge: (1) "'obstructed' [Defendant] from proving the existence of a 'criminal conspiracy between [the A.U.S.A., a Postal Inspector and a Magistrate Judge]' against [his] civil rights and to obstruct justice;"[31] (2) appeared to be "annoyed" and "chastis[ed]" Defendant for failing to follow protocol for issuing a subpoena to a Magistrate Judge; (3) required Defendant to "except [sic.] [the Government]'s representation that 'we are talking about two separate interviews' on the issue of the November 14th, 2007 Affidavit;" and (4) refused to allow Defendant to present a rebuttal "fact witness" to testify regarding the content or timing of those interviews.[32]

---

[30] *See* Rashid Aff. ¶¶ 1, 24, 25, 28, 29, 31, 34, 35, 36 & n.1.

[31] *Id.* ¶ 28.

[32] *See id.*

9

Defendant also states that on April 15, 2010, he sent the undersigned judge two letters.[33] The first requested that this Court "refer his 'unopposed criminal allegations' set forth" in his Disqualification Request to Judge Brody to a grand jury, for the purpose of initiating an investigation into obstruction of justice and criminal violations of Defendant's civil rights by government personnel.[34] The second letter "advise[d] [this Court] of the delaying tactics employed by the Government" and requested that the undersigned "not tolerate those dilatory tactics which Judge Brody permitted."[35] Defendant alleges that, during the April 26, 2010 hearing, the undersigned judge "demonstrated a high level of contempt for [his] having written her letters . . . requesting that she refer the 'fraudulent Affidavit'[36] matter to a grand jury . . . and that she forbid [the A.U.S.A.] to continue the unfair conduct vis-a-vis discovery, etc., that he has engaged in throughout this case."[37] Defendant also alleges that he was warned not to send any letters to the undersigned judge.[38]

Defendant further states that this Court denied his motion for reconsideration of Judge Brody's rulings, even though Judge Brody had been "disqualified;" that the undersigned judge

---

[33] Doc. Nos. 129 & 130.

[34] *See* Rashid Aff. ¶¶ 24-25.

[35] *See id*.

[36] *See supra* note 7.

[37] Rashid Aff. ¶ 28.

[38] *Id.* ¶ 34 ("I noticed that in writing to the Clerk, Mr. Gauri, also, sent a 'courtesy copy' of his letter to Judge Rufe. I have been warned not to send any letters to Judge Rufe."). This Court did caution Defendant that letters are not an appropriate format for requests which should be made by motion. *See* Hearing Tr. 40-42, Apr. 26, 2010 ("THE COURT: Secondly, the letters, I want to address these letters. Mr. Rashid, it is not permissible to write the Court letters. If you want the Court's attention it should be by motion, much as I dislike that. We try to review the letters and then file them in the clerk's office on the record, because there is really nothing I am allowed to do by letter. So, I would appreciate it very much if the next time you write a letter complaining about anybody or anything, you do it in the form of a *pro se* motion." Tr. at 40.).

10

"had no concern for any legal arguments that would refute her finding that Judge Brody was not 'biased';" that the undersigned judge stated that Judge Brody's removal from this case was "simply the result of a 'reassignment';" and that in a later ruling, the undersigned judge again admonished him that none of Judge Brody's findings and conclusions in this case were subject to challenge.[39] Defendant implies that these rulings were improper and demonstrate bias because he "feel[s] that 'collateral estoppel' bars an argument contrary to Judge Brody's finding that she was sufficiently biased to recuse herself."[40]

Finally, Defendant alleges that the undersigned judge, "whom [he was] led to believe is a United States District Judge 'assigned' to [his] Criminal Case No. 08-493, intervened in the matter of 'unimpounding' the Search Warrant Documents in Magistrate Case No. 07-1348 by signing the Order to 'unimpound' the documents as a 'United States Magistrate Judge' . . . ."[41] These impliedly duplicitous actions were a "shock" to Defendant, and have "firmly convinced" him that the undersigned judge is biased against him and in favor of the prosecution.[42]

### (b) Legal Sufficiency of the Allegations

In assessing the sufficiency of a § 144 affidavit on the merits, the challenged judge must assume and accept that all factual allegations in the affidavit are true.[43] This assumption is

---

[39] Rashid Aff. ¶ 29.

[40] *Id*.

[41] Rashid Aff. ¶¶ 34-35. Defendant filed a motion on May 10, 2010 (Doc. No 138) to produce the search warrants and related documents then under seal at Docket No. 2:07-mj-01348-1. On May 18, 2010, A.U.S.A. Gauri sent a letter to the Clerk of the Court requesting that those documents and docket be unsealed (Case No. 2:07-mj-01348, Doc. No. 4). *See supra* note 38. The undersigned judge then granted the motion to release the documents, as Defendant notes above (Case No. 2:07-mj-01348, Doc. No. 5). The Court is unable to determine how or why these actions are offered as proof of bias.

[42] Rashid Aff. ¶ 34.

[43] *See, e.g.*, United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989).

required even when the judge knows that the factual allegations are false.[44] Even so, those factual allegations must be definite enough to convince a reasonable person that a disqualifying bias exists,[45] and an affiant's conclusory statements and opinions need not be credited.[46] "In order to warrant recusal, the facts alleged in the affidavit must (1) be material and stated with particularity (2) convince a reasonable man that a bias exists and (3) show bias that is personal, as opposed to judicial, in nature."[47] "The affiant must aver specific facts, including the time, place, and circumstances that illustrate the alleged personal bias[,]"[48] and "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."[49]

This Court therefore need not accept Defendant's conclusory statement that the undersigned judge obstructed his ability to prove a criminal conspiracy against him. The existence of such a conspiracy is likewise purely theoretical, and has no bearing on this review. Similarly, Defendant's belief that the doctrine of collateral estoppel prevents this Court from making any ruling or "argument contrary to Judge Brody's finding that she was sufficiently biased to recuse herself" is a legal conclusion without support in the record. Moreover, Judge Brody made no such finding. A judge may recuse himself or herself pursuant to 28 U.S.C. § 455 for any

---

[44] *See, e.g.*, United States v. Rankin, 870 F.2d 109, 110 (3d Cir. 1989) (denying the utterly unfounded accusation that the challenged judge chased the defendant around the courtroom, poked and shoved him, judge nonetheless recused himself on the ground that he was bound to accept the allegations as true, and reviewing Chief Judge agreed); Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976) (sympathizing with district judges confronted with groundless charges of personal bias, but holding refusal to recuse improper because §144 requires acceptance of factual allegations).

[45] *See* Waris, 2008 U.S. Dist. LEXIS 102518 at *7-8.

[46] Vespe, 868 F.2d at 1340; *see also* United States v. Enigwe, 155 F. Supp. 2d 365, 370-72 (E.D. Pa. 2001).

[47] *Id*. (citing United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973)); *see also* Mims, 541 F.2d at 417.

[48] Waris, 2008 U.S. Dist. LEXIS102518 at *8 (citing Townsend, 478 F.2d at 1074).

[49] Berger v. United States, 255 U.S. 22, 33-34 (1921).

number of reasons, and it was not necessary for Judge Brody to find that Defendant's allegations of bias were true to grant his motion. This Court is also not required to accept Defendant's characterization of the undersigned judge's remarks—for example, that the undersigned judge "demonstrated a high level of contempt" for Defendant's letters. Nothing in the record reflects Defendant's accusation, and only the content of the remarks or rulings are factual allegations which we must assume are true for purposes of this analysis.

Even where properly alleged, the bias or prejudice must be "personal" in nature; "to be disqualifying [, it] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[50] But "[w]here allegations of bias consist of 'subjective conclusions and thinly veiled disagreements with the court's legal rulings,' an affidavit is not legally sufficient."[51] "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[52] Judicial remarks made during the course of a trial are equally impersonal, and seldom provide proper grounds for recusal. Even when a judge's remarks "are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, [they] ordinarily do not support a bias or partiality challenge."[53] A judge may display "impatience, dissatisfaction, annoyance, and even anger" towards a party; nonetheless, the judge's "ordinary efforts at courtroom administration . . . remain immune."[54]

---

[50] United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); *see also* Johnson v. Carroll, 369 F.3d 253, 261 (3d Cir. 2004); United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995), *overruled on other grounds*.

[51] Waris, 2008 U.S. Dist. LEXIS 102518 at *11 (citing Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 463 n.10 (M.D. Pa. 2007)).

[52] Liteky v. United States, 510 U.S. 540, 555 (1994). Rarely, judicial bias may constitute grounds for recusal where the court shows "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See* Liteky, 510 U.S. at 555.

[53] *Id.*

[54] *Id.* at 555-56.

The Third Circuit has stated repeatedly that a party's displeasure with legal rulings does not form an adequate basis for recusal.[55] Defendant's allegations here reflect only his general disagreement with this Court's rulings, scheduling, or procedure during the course of this litigation. He has not identified any extrajudicial source of bias and has alleged only purely judicial conduct in support of his claim that the undersigned judge is prejudiced. Even accepting all of his factual allegations as true and complete, Defendant describes no more than decisions that have not favored his positions; these cannot serve to show personal bias, and in any event, do not suggest a partiality that a reasonable person would find disqualifying. Finally, "[w]hen assessing a litigant's recusal motion, the court must carefully consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings."[56] Based on his lack of success so far, Defendant might reasonably anticipate that this Court will not entertain further attempts to relitigate discovery and pre-trial motions where these attempts are inappropriate, and will continue to hold Defendant to the legal and procedural standards required of any other litigant in this District. His frustration, however, does not warrant this Court's recusal.

## III. CONCLUSION

For the foregoing reasons, Defendant's request for recusal, pursuant to Defendant's Affidavit Made Pursuant to 28 U.S.C. § 144 of Judge's Personal Bias or Prejudice, is **DENIED**.

An appropriate Order follows.

---

[55] *See, e.g.*, Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999); Jones v. Pittsburg Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

[56] *See* Walsh v. Krantz, 2008 U.S. Dist. LEXIS 99026, at *11 (M.D. Pa. 2008).