IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 08-493 |
| | : | |
| AMIN A. RASHID, | : | Hon. Cynthia M. Rufe, J. |
| Defendant. | : | |

DEFENDANT AMIN A. RASHID'S MOTION
FOR RECONSIDERATION OF DENIAL OF RULE 33
MOTION FOR NEW TRIAL

AMIN A. RASHID, pro se, defendant, in the above styled and numbered cause hereby moves this Honorable Court for reconsideration of its Order denying defendant's motion for new trial pursuant to Rule 33, Federal Rules of Criminal Procedure, on grounds of newly discovered evidence; and states in support thereof:

On July 14th, 2014, Rashid filed a motion for new trial pursuant to Rule 33, Federal Rules of Criminal Procedure, setting forth, therein, that a "Forensic Investigation Report" filed in this case (Doc. #441) shows that this Court denied him a fair trial by refusing his request for a Rule 17, F.R.Crim.P., Subpoena to call Barbara Deeley, Acting Sheriff, Philadelphia County, as a witness for his trial. (Doc. #465). On July 31st, 2014, this Court entered an Order denying relief on the Court's finding that, "it cannot be said that the report in any way exonerates him: it appears to have had absolutely nothing to do with Rashid and makes no mention of his crimes." (Doc. #468).

The Court's ruling sets forth a new criteria for grant of a new trial pursuant to Rule 33, F.R.Crim.P., and denies Rashid due process under the Fifth Amendment to the United States Constitution.

WHEREFORE, it is respectfully requested for the reasons set forth in the accompanying memorandum of law that this motion be GRANTED.

Respectfully submitted,

_____
Amin A. Rashid

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION
OF DENIAL OF NEW TRIAL PURSUANT TO RULE 33

## Introduction

Initially, this Court set a trial date in this case for July 13th, 2010, and it ordered that all motions be filed by no later than June 14th, 2010. (Doc. #127). On June 14th, 2010, Rashid filed, inter alia, his "witness list" consisting of some "38 witnesses" that he intended to call in his defense and he outlined his "trial strategy" because it was necessary for him to obtain the Court's approval and authorization for issuance of subpoenas and service pursuant to Rule 17, Federal Rules of Criminal Procedure. (Doc. #145).

On July 7th, 2010, trial was continued indefinitely due to an interlocutory appeal(Doc. #135) taken by Rashid on the Court's denial of his motion for reconsideration of order denying motion to dismiss defective indictment.

Trial was ultimately scheduled to commence June 28th, 2011. (Doc. #206). Prior to commencement of trial, June 28th, 2011, Rashid sought adjudication of his witness and subpoena request(Doc. #145) filed more than a year before trial but the Court deferred ruling. See, Trial Tr., 6/28/2011, p. 60, L. 22-23. Amongst the witnesses that Rashid sought to call in his defense were four(4) employees of the Philadelphia County Sheriff's Office: 1) John Breslin, 2) Richard Bell, 3) Edward Chew, Esq., and 4) John Green, Sheriff. See, Doc. # 145, at pages 3-5. The record shows that Doc. #145 was never ruled on by the Court and remains pending.

The Court's refusal or abdication of its duty to rule on Rashid's Doc. #145 witness request interfered with, prejudiced, and denied Rashid the right to adequately prepare for trial. e.g., in his Opening Statement, Rashid made promises to the jury that he would not have made had the Court adjudicated his Doc. #145. See, Trial Tr., 6/29,2011, pp. 51-54. Rashid mistakenly told the jury:

> "You are going to hear of individuals who the sheriff had kicked out of their own homes, who has lost these homes in sheriff sales, and they are going to say that they are

2

> grateful that Amin Rashid stepped in and assisted them to get their property back. Now, to say that there is a scheme here to defraud, befuddles the imagination."

Id., at page 51, Lines 18-24.

After five and a half(5½) days of Government Testimony, it began to appear that the Government's Case was coming to a close; however, the Court still had not ruled on Rashid's Doc. #145 witness and subpoena motion by that date. Out of desperation and to ensure that he would have some defense, Rashid filed a new witness list and Rule 17 Subpoena Request on July 5th, 2011. (Doc. #253). Albeit Rashid filed his motion for issuance of subpoenas as an "ex-parte motion," the Court insisted that the Government comment on each of the witnesses that Rashid intended to call as to "materiality" of the proferred testimony. See, Trial Tr., 7/5/2011, pp. 187-244. One such witness was Barbara Deeley, Acting Sheriff, Philadelphia County. The Court referred to Ms. Deeley as witness "Number 27" and asked Rashid to give a "proffer" as to why he should be permitted to subpoena Ms. Deeley as a witness. See, Trial Tr., 7/5/2011, p. 225, L. 13-20. In response to the Court's inquiry, Rashid explained that Sheriff Deeley was being called to show that the records and files in the Sheriff's Office do not support allegations in the Superseding Indictment that he fraudulently secured or attempted to secure Sheriff's sales proceeds as alleged or submitted forged documents to the Sheriff's Office as alleged. See, Trial Tr., 7/5/2011, pp. 225-226. The Court asked the Government to respond. Assistant U.S. Attorney Vineet Gauri, Esq., responded by stating:

> "Your Honor, there is already plenty of evidence the defendant has asked for these proceeds to be paid. These are all part of his correspondence to City Line Abstract Company."

See, Trial Tr., 7/5/2011, p. 227, L. 1-6. The Court later ruled that:

> "Barbara Deeley, Sheriff, for general requests for sheriff sale proceeds is not permitted, it doesn't rebut anything, ..."

See, Trial Tr., 7/5/2011, p. 240, L. 24-25 & p. 241, L. 1.

Rashid has since trial learned that Richard Bell has been charged by Information from the Government with embezzling hundreds of thousands of dollars in sheriff sales proceeds from the Philadelphia Sheriff's Office, but Assistant U.S. Attorney Vineet Gauri, Esq., has

denied that he even knew that Bell was under investigation by his office for stealing sheriff sales proceeds. See, Doc. #415 (Government's Response In Opposition to 410 Motion to Compel Production of Brady Material.). Ironically, Bell was convicted by the United States Attorney's Office on or about January 18, 2012. Rashid only learned of the "Forensic Investigation Report" conducted by City Controller, Alan Buckovitz, in and around August of 2013.

This Court has denied Rashid's latest motion for a new trial on grounds of newly discovered evidence, but it cannot be denied that the evidence is newly discovered as the Government concedes in its Response Brief. While it is arguable that the Forensic Report "in any way exonerates [Rashid]," it cannot be said that the Report, "appears to have had absolutely nothing to do with Rashid." The Report shows that Barbara Deeley was, in fact, a "material witness" for the defense and Rashid should not have been denied his compulsory right to have the Sheriff of Philadelphia County testify since it is one of the main allegations in the Superseding Indictment that Rashid defrauded the "Sheriff and others of at least $650,000." See, Superseding Indictment, at paragraph 12.

## Legal Principles

While there exists no rule of criminal procedure expressly authorizing a district court in a criminal case to entertain a motion for reconsideration, the Supreme Court has held that such a right exists based on "traditional and virtually unquestioned practice." United States v. Dieter, 429 U.S. 6, 8 n.3 (1976). The Dieter Court also suggested that the time to file a motion for reconsideration is thirty (30) days from the date of the district court's order. Id.; accord, United States v. Leonard, 639 F.2d 101, 105 (2nd Cir. 1981); and United States v. Bulgier, 618 F.2d 472, 474-75 (7th Cir. 1980); but see, Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3rd Cir. 1985)(recognizing a district court's right to reconsider its judgment to avoid error of fact or law or to avoid manifest injustice). Here, the Court should reconsider its judgment and grant Rashid a new trial to "avoid error of fact or law [and] to avoid manifest injustice."

## ARGUMENT

Rule 33, Federal Rules of Criminal Procedure, provides that a

district court may grant a new trial on the basis of newly discovered evidence if five requirements are met: (1) the evidence must be in fact newly discovered, i.e. discovered since trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal. See, **United States v. Quiles**, 618 F.3d 383, 388-89 (3rd Cir. 2010). Thus, this Court "errs" in its conclusion that it is the Forensic Report that Rashid claims will "exonerate" him. In fact, it is the testimony that the Forensic Report shows can be anticipated from Barbara Deeley that Rashid has reason to believe will "exonerate" him in a new trial. This Court denied Rashid the right to call Sheriff Deeley as a witness because it concluded that she had no "material" evidence but, in fact, the Forensic Report shows that she very specific and "material" evidence that she could have provided in Rashid's defense of the charges: 1) Rashid is not listed as a person who defrauded the "Sheriff and others of at least $650,000," 2) She knows of no complaints in the Sheriff's Office pertaining to wrong doing by Rashid, 3) The Center For Constitutional and Criminal Justice, Inc., is not listed as an entity which defrauded the "Sheriff and others of at least $650,000," nor any other amount, 4) Employees of the Sheriff's Office are amongst those who have defrauded the Sheriff of millions of dollars, and 5) The Sheriff's Office was never authorized by City Line Abstract Co. to pay Rashid, nor The Center, any money. In light of the fact that the Government did not produce any witness from the Philadelphia Sheriff's Office to testify against Rashid, it is more likely that if Sheriff Deeley was called and testified as set forth, hereinabove, "the newly discovered evidence(Sheriff Deeley's testimony) would probably produce an acquittal." Id., at 389.

## CONCLUSION

For all of the abovementioned reasons the Court is respectfully requested to reconsider its denial of Rashid's Rule 33 Motion and on doing so, GRANT him a new trial.

Respectfully submitted,

Amin A. Rashid

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion For Reconsideration was served on counsel by depositing into the mail receptacle, first class postage-prepaid, said copy to:

Vineet Gauri, Esq.
Assistant U.S. Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106

this 11th day of August, 2014.

Amin A. Rashid