IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIN A. RASHID | : | |
| | : | CIVIL ACTION NO. 15-274 |
| v. | : | |
| | : | CRIMINAL ACTION NO. 08-493 |
| DAVID ORTIZ | : | |

MEMORANDUM OPINION

RUFE, J.                                                                                    January 21, 2016

Defendant Amin Rashid has filed a *pro se* Motion pursuant to 28 U.S.C. § 2241, seeking

to vacate his sentence based on allegations that he is actually innocent of a conviction that was

used to enhance his sentence. The Government opposes the motion. For the reasons set forth

below, the Court will deny and dismiss Defendant's § 2241 Motion.[1]

I.      FACTUAL AND PROCEDURAL HISTORY

On August 21, 2008, Defendant was charged in this Court with two counts of mail fraud,

in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18

U.S.C. § 1028(A)(a)(1), (c)(5).[2] On May 28, 2009, a superseding indictment charged Defendant

with ten counts of mail fraud, in violation of 18 U.S.C. § 1341, eight counts of aggravated

identity theft, in violation of 18 U.S.C. § 1028(A)(a)(1), (c)(5), and one count of forging or

counterfeiting postal money orders, in violation of 18 U.S.C. § 500. After a 10-day jury trial

beginning on June 28, 2011, in which Defendant represented himself *pro se*, the jury convicted

Defendant of nine counts of mail fraud and of all eight counts of aggravated identity theft. The

---

[1] After Defendant filed his § 2241 motion, he was transferred from this jurisdiction to a facility in the Northern District of Ohio. Although § 2241 motions must be filed in the District where the defendant is confined, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction..." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

[2] *United States v. Rashid*, 08-cr-493 (E.D. Pa.).

jury acquitted Defendant of one count of mail fraud and of forging or counterfeiting postal

money orders. On July 22, 2013, the Court sentenced Defendant to a total of 240 months of

imprisonment, five years of supervised release, a special assessment of $1,700 and restitution of

$782,391. The Third Circuit affirmed his sentence and conviction on November 25, 2014.[3] On

January 20, 2015, Defendant filed this Motion seeking to vacate his sentence pursuant to 28

U.S.C. § 2241.

## II.    LEGAL STANDARD

District Courts have jurisdiction to issue writs of habeas corpus under 28 U.S.C. § 2241

to prisoners "in custody in violation of the Constitution or laws or treaties of the United States."[4]

However, federal prisoners seeking to challenge their conviction or sentence generally must seek

relief under 28 U.S.C. § 2255.[5] "The presumptive means for a federal prisoner to challenge the

*validity* of a conviction or sentence…is a motion filed pursuant to § 2255 in the sentencing

court."[6] Defendants challenging the *execution* of their sentence may bring a motion under

§ 2241. Relief pursuant to § 2241 for a defendant challenging the validity of his sentence is

available only where the remedy provided by § 2255 is "inadequate or ineffective" to challenge

the legality of the defendant's detention.[7] "This exception applies only in rare circumstances."[8]

---

[3] *United States v. Rashid*, 593 F. App'x 132  (3d Cir. 2014). The Supreme Court denied the petition for a writ of certiorari on May 18, 2015. 135 S. Ct. 2340 (2015).

[4] 28 U.S.C. § 2241.

[5] *United States v. Young*, No. 07-3533, 2012 WL 1694344, at *2 (E.D. Pa. May 15, 2012).

[6] *In re Cardona*, 577 F. App'x 92, 93 (3d Cir. 2014) (internal citations omitted) (emphasis added). *See also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

[7] 28 U.S.C. § 2255(e).

[8] *Phillips v. Norward*, 614 F. App'x 583, 585 (3d Cir. 2015).

### III.   DISCUSSION

In Defendant's Motion, he claims that his sentence before this Court was wrongly enhanced based on a prior conviction for interstate transportation of money taken by fraud. Defendant argues he is actually innocent of a prior federal conviction for interstate transportation of money taken by fraud, for which he alleges he was convicted by a jury in 1980 in the District of Oregon and sentenced to seven years of imprisonment. Specifically, Defendant argues that because he was acquitted of the charge of mail fraud in the 1980 trial, it was inconsistent and improper to find him guilty of interstate transportation of money taken by fraud. In a footnote, Defendant also alleges that he received ineffective assistance of counsel in the 1980 case because his trial counsel failed to timely move for an acquittal and his appellate counsel failed to raise this issue of inconsistent verdicts on appeal. As a result, Defendant argues that this Court improperly enhanced his 2013 sentence based on this prior conviction, and seeks to have both this enhancement vacated and to have the allegedly wrongful 1980 conviction vacated. The Government argues that Defendant cannot bring this claim on a motion under § 2241, but that it must instead be brought on a motion pursuant to § 2255.

### A.   Challenge to 2013 Sentence

Defendant's claim that his sentence was wrongly enhanced based on a crime for which he is "actually innocent" is a challenge to the validity of his sentence, rather than the execution of his sentence.[9] As a result, unless Defendant can demonstrate that the remedy provided by § 2255 is "inadequate or ineffective" to challenge the legality of his detention, his claim on this § 2241

---

[9] *See e.g.*, *Muller v. Sauers*, 523 F. App'x 110, 111 (3d Cir. 2013) ("[Defendant's] allegation that the Eastern District of Michigan improperly calculated his sentence is a challenge to the validity of his sentence that should be raised under § 2255.").

Motion must be brought on a motion under § 2255.[10] The § 2255 remedy is inadequate or ineffective only if Defendant can show that "a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his…claim."[11]

Section 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[12] In *In re Dorsainvil*, the Third Circuit allowed a defendant to bring a challenge to his conviction on a § 2241 motion alleging that an intervening change in law rendered his conduct non-criminal because the defendant "[did] not have…and never had the opportunity to challenge his conviction."[13] While his claims herein do not include a change in intervening law, Defendant still has the opportunity to file a timely § 2255 Motion to challenge this Court's 2013 sentence and has therefore failed to demonstrate that the remedy available to him under § 2255 is inadequate or ineffective.[14]

### B.      Challenge to 1980 Conviction and Sentence

Defendant also cannot challenge his 1980 conviction and sentence by this Motion because the Court has no jurisdiction to vacate the 1980 sentence and conviction.[15] District Courts have jurisdiction to issue writs of habeas corpus under 28 U.S.C. § 2241 only to prisoners

---

[10] As Defendant has not yet filed a § 2255 Motion challenging his sentence and conviction before this Court (08-cr-493), and the time to do so has not expired, the Court will not convert this § 2241 Motion to a § 2255 Motion or construe it as such.

[11] *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

[12] *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

[13] 119 F.3d 245, 251 (3d Cir. 1997); *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) ("[A] § 2255 petition is "inadequate" when a petitioner asserts a claim of actual innocence…*but is otherwise barred from challenging the legality of the conviction under § 2255*.") (internal citations and quotations omitted) (emphasis added).

[14] Moreover, Defendant has not adequately alleged that he is actually innocent. Even if the 1980 District of Oregon jury verdict acquitting him on one charge and convicting him on another could be viewed as inconsistent, this does not establish that Defendant was innocent. *See United States v. Powell*, 469 U.S. 57, 64-66 (1984).

[15] *Maleng v. Cook*, 490 U.S. 488, 491-93 (1989).

"in custody in violation of the Constitution or laws or treaties of the United States."[16] The Supreme Court has held that where a defendant's sentence has already expired, he is no longer "in custody" under that sentence.[17] As Defendant has already served his sentence for his 1980 conviction, he is no longer "in custody" under the 1980 sentence and the Court lacks jurisdiction to vacate the 1980 sentence and conviction. Moreover, the Court further notes that Defendant has had ample opportunity to challenge his 1980 District of Oregon conviction based on his alleged actual innocence, including on the four § 2255 motions that he filed in the 1980 case.[18]

## IV.    CONCLUSION

For the reasons provided, this Court will deny and dismiss Defendant's § 2241 Motion without prejudice to Defendant filing a timely § 2255 Motion challenging his conviction before this Court. An appropriate Order will follow.

---

[16] 28 U.S.C. § 2241.

[17] *Cook*, 490 U.S. at  491-93.

[18] Attachment to Def's Motion at 3. *In re Dorsainvil*, 119 F.3d at 251. Defendant argues that under *Tyler*, he can bring an actual innocence claim on a § 2241 motion. In *Tyler*, however, the defendant argued that he was actually innocent because an intervening change in law rendered his conduct non-criminal. Defendant does not argue that a change in the law renders the conduct for which he was convicted in 1980 non-criminal. Instead, "[i]t appears that the only thing that has changed has been his understanding of the law." *Gross v. Sniezek*, 396 F. App'x 802, 803 (3d Cir. 2010) (per curiam).